UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

KVEION ROBINSON,                                    **ANSWER TO THE COMPLAINT**

                         Plaintiff,      25 Civ. 07381 (PKC)

        -against-

THE CITY OF NEW YORK, NYPD PO BRIAN            **Jury Trial Demanded**
SWEENEY (23366)(RET), NYPD PO BRIAN ALBERDA
(12830)(RET),  NYPD LT. JAMES BRIONES, NYPD
MEMBERS OF SERVICE DOES #1-10, and NYPD
MEMBERS OF SERVICE SUPERVISOR ROES #1-10,

                         Defendants.

------------------------------------------------------------------------- X

        Defendants City of New York, Officer Brian Sweeney, Officer Brian Alberda, and Lieutenant James Briones, by their attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, for their Answer to the Complaint respectfully alleges as follows:

        1.      Deny the allegations contained in Paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

        2.      Deny the allegations contained in Paragraph "2" of the Complaint.

        3.      Deny the allegations contained in Paragraph "3" of the Complaint.

        4.      Deny the allegations contained in Paragraph "4" of the Complaint.

        5.      Deny the allegations contained in Paragraph "5" of the Complaint.

        6.      Deny the allegations in Paragraph "6" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

        7.      Deny the allegations in Paragraph "7" of the Complaint, except admit that Plaintiff invokes the Court's jurisdiction as stated therein.

8.    Deny the allegations contained in Paragraph "8" of the Complaint, except admit that Plaintiff invokes the Court's jurisdiction as stated therein.

9.    Deny the allegations contained in Paragraph "9" of the Complaint, except admit that invokes the venue of the Court as stated therein.

10.    Paragraph "10" of the Complaint contains a demand for a jury to which no response to required.

11.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Complaint .

12.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint, except admit that the City of New York is a municipal corporation duly organized under the law of the State of New York, and that it maintains a police department.

13.    Deny the allegations contained in Paragraph "13" of the Complaint, except admit that Brian Sweeney was employed by the City and was a member of the New York City Police Department ("NYPD").

14.    Deny the allegations contained in Paragraph "14" of the Complaint, except admit that Brian Alberda was employed by the City and was a member of the New York City Police Department ("NYPD").

15.    Deny the allegations contained in Paragraph "15" of the Complaint, except admit that James Briones is employed by the City and is a member of the New York Police Department ("NYPD").

16.     Deny the allegations contained in Paragraph "16" of the Complaint, except admit that Joseph Cocolito is employed by the City and is a member of the New York Police Department ("NYPD").

17.     Deny  the allegations contained in Paragraph "17" of the Complaint, but admit that some force was used  during Plaintiff's arrest on December 7, 2022.

18.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Complaint, but admit that on December 7, 2022 Defendants Officer Sweeny and Officer Alberda responded to 201 East 24th Street, Apartment 701, to investigate a possible domestic incident.

19.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint.

20.     Admit the allegations contained in Paragraph "20" of the Complaint except deny knowledge and information sufficient to form a belief as to the truth of Plaintiff's mental state.

21.     Admit the allegations contained in Paragraph "21" of the Complaint, except deny that a warrant was required.

22.     Admit the allegations contained in Paragraph "22" of the Complaint.

23.     Deny the allegations contained in Paragraph "23" of the Complaint, except admit that Plaintiff fell on a bed when Defendant Sweeney tried to restrain him.

24.     Deny the allegations contained in Paragraph "24" of the Complaint, but admit that the officers engaged in a physical altercation with Plaintiff.

25.     Admit the allegations contained in Paragraph "25" of the Complaint.

26.     Deny the allegations contained in Paragraph "26" of the Complaint.

- 3 -

27.     Deny the allegations contained in Paragraph "27" of the Complaint, except admit that the BWC footage of Plaintiff's arrest shows an arm in the proximity to Plaintiff's neck.

28.     Admit the allegations contained in Paragraph "28" of the Complaint.

29.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "29" of the Complaint, but admit that some force was used  during Plaintiff's arrest on December 7, 2022..

30.      Admit the allegations contained in Paragraph "30" of the Complaint.

31.     Deny the allegations contained in Paragraph "31" of the Complaint, except admit that on December 7, 2022 Plaintiff was arrested and taken from his apartment, into an elevator and to a police vehicle for transport to the 13th Precinct.

32.     Deny the allegations contained in Paragraph "32" of the Complaint, except admit that on December 7, 2022, Plaintiff was arrested and taken from his apartment, and into an elevator.

33.     Deny the allegations contained in Paragraph "33" of the Complaint, except admit that on December 7, 2022, Plaintiff's continued resisting his arrest which required officers to carry him out of the premises.

34.     Deny the allegations contained in Paragraph "34" of the Complaint.

35.     Deny the allegations contained in Paragraph "35" of the Complaint.

36.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "36" of the Complaint.

37.     Deny the allegations contained in Paragraph "37" of the Complaint.

38.     Deny the allegations contained in Paragraph "38" of the Complaint.

39.     Deny the allegations contained in Paragraph "39" of the Complaint, but admit that the Arrest Report concerning Plaintiff's arrest on December 7, 2022, alleges that an officer's breathing was obstructed causing pain, redness and difficulty swallowing.

40.     Admit the allegations contained in Paragraph "40" of the Complaint, except deny the implication that Plaintiff did not put his hands on Ofc. Sweeney's throat.

41.     Deny the allegations contained in Paragraph "41" of the Complaint.

42.     Deny the allegations contained in Paragraph "42" of the Complaint.

43.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "43" of the Complaint.

44.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "44" of the Complaint.

45.     In response to the allegations set forth in Paragraph "45" of the Complaint, Defendant repeats the responses contained in the proceeding paragraphs of this pleading, as if fully set forth herein.

46.     Deny the allegations contained in Paragraph "46" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

47.     Deny the allegations contained in Paragraph "47" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

48.     Deny the allegations contained in Paragraph "48 of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law no response is required.

49.     Deny the allegations contained in Paragraph "49" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

50.     Deny the allegations contained in Paragraph "50" of the Complaint. insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

51.     Deny the allegations contained in Paragraph "51" of the Complaint.

52.     Deny the allegations contained in Paragraph "52" of the Complaint.

53.     In response to the allegations set forth in Paragraph "53" of the Complaint, Defendant repeats the responses contained in the proceeding paragraphs of this pleading, as if fully set forth herein.

54.     Deny the allegations contained in Paragraph "54" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

55.     Deny the allegations contained in Paragraph   "55" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required .

56.     Deny the allegations contained in Paragraph "56" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

57.     Deny the allegations contained in Paragraph "57" of the Complaint.

58.     Deny the allegations contained in Paragraph "58" of the Complaint.

59.     In response to the allegations set forth in Paragraph "59" of the Complaint, Defendant repeats the responses contained in the proceeding paragraphs of this pleading, as if fully set forth herein.

60.     Deny the allegations contained in Paragraph "60" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

61.     Deny the allegations contained in Paragraph "61" of the Complaint.

62.     Deny the allegations contained in Paragraph "62" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

63.     Deny the allegations contained in Paragraph "63" of the Complaint.

64.     Deny the allegations contained in Paragraph "64" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required

65.     Deny the allegations contained in Paragraph "65" of the Complaint.

66.     Deny the allegations contained in Paragraph "66" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

67.     Deny the allegations contained in Paragraph "67" of the Complaint.

68.     Deny the allegations contained in Paragraph "68" of the Complaint.

69.     In response to the allegations set forth in Paragraph "69" of the Complaint Defendant repeats the responses contained in the proceeding paragraphs of this pleading, as if fully set forth herein.

70.     Deny the allegations contained in Paragraph "70" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is necessary.

71.     Deny the allegations contained in Paragraph "71" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

72.     Deny the allegations contained in Paragraph "72" of the Complaint.

73.     Deny the allegations contained in Paragraph "73" of the Complaint.

74.     Deny the allegations contained in Paragraph "74" of the Complaint.

75.     Deny the allegations contained in Paragraph "75" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is necessary.

76.     Deny the allegations contained in Paragraph "76" of the Complaint.

77.     75.     Deny the allegations contained in  Paragraph "77" of the Complaint contains only conclusions of law to which no response is required.

78.     In response to the allegations set forth in Paragraph "78" of the Complaint Defendant repeats the responses contained in the proceeding paragraphs of this pleading, as if fully set forth herein.

79.     Deny the allegations contained in  Paragraph "79" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

80.     Deny the allegations contained in Paragraph "80" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of  law, no response is required.

81.     Deny the allegations contained in Paragraph "81" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

82.     Deny the allegations contained in Paragraph "82" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

83.     Deny the allegations contained in Paragraph "83" of the Complaint.

84.     Deny the allegations contained in Paragraph "84" of the Complaint.

85.    In response to the allegations set forth in Paragraph "85" of the Complaint Defendant repeats the responses contained in the proceeding paragraphs of this pleading, as if fully set forth herein.

86.    Deny the allegations contained in Paragraph "86" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required contains only conclusions of law to which no response is required.

87.    Deny the allegations contained in Paragraph "87" of  the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required contains only conclusions of law to which no response is required.

88.    Deny the allegations contained in Paragraph "88" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

89.    82.    Deny the allegations contained in Deny the allegations contained in Paragraph "89" of the Complaint.

90.    Paragraph "90" of the Complaint contains only conclusions of law to which no response is required.

91.    Paragraph "91" of the Complaint contains only conclusions of law to which no response is required.

92.    In response to the allegations set forth in Paragraph "92" of the Complaint Defendant repeats the responses contained in the proceeding paragraphs of this pleading, as if fully set forth herein.

93.    Deny the allegations set forth in Paragraph "93" of the Complaint.

94.    Deny the allegations set forth in Paragraph "94" of the Complaint.

95.    Deny the allegations set forth in Paragraph "95" of the Complaint contains only conclusions of law to which no response is required.

96.    Deny the allegations set forth in Paragraph "96" of the Complaint contains only conclusions of law to which no response is required.

97.    In response to the allegations set forth in Paragraph "97" of the Complaint Defendant repeats the responses contained in the proceeding paragraphs of this pleading, as if fully set forth herein.

98.    Deny the allegations set forth in Paragraph "98" of the Complaint.

99.    Deny the allegations contained in Paragraph "99" of the Complaint, insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

100.    Paragraph "100" of the Complaint contains only conclusions of law to which no response is required.

101.    Paragraph "101" of the Complaint does not include factual allegations to which a response is required and Defendant respectfully refers the Court to the article cited therein for a full recitation of its contents.

102.    Paragraph "102" of the Complaint does not include factual allegations to which a response is required and Defendant respectfully refers the Court to the article cited therein for a full recitation of its contents.

103.    Paragraph "103" of the Complaint does not include factual allegations to which a response is required and Defendant respectfully refers the Court to the video and article cited therein for a full recitation of their contents.

104.    Paragraph "104" of the Complaint does not include factual allegations to which a response is required and Defendant respectfully refers the Court to the article cited therein for a full recitation of its contents.

105.    Deny the allegations contained in Paragraph "105" of the Complaint.

106.    Deny the allegations contained in Paragraph "106" of the Complaint and its subparagraphs.

107.    Deny the allegations contained in Paragraph "107" of the Complaint, insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

108.    Deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "108" of the Complaint, except admit that the charges brought were not substantiated.

109.    Deny knowledge and information sufficient to form a belief as to allegations contained in Paragraph "109" of the Complaint, except admit that the charges brought were not substantiated.

110.    Deny knowledge and information sufficient to form a belief as to allegations contained in Paragraph "110" of the Complaint, except admit that the charges brought were not substantiated.

111.    Deny knowledge and information sufficient to form a belief as to allegations contained in Paragraph "111" of the Complaint, except admit that the charges brought were not substantiated.

112.    Deny knowledge and information sufficient to form a belief as to allegations contained in Paragraph "112" of the Complaint, except admit that the charges brought were not substantiated.

113.    Deny knowledge and information sufficient to form a belief as to allegations contained in Paragraph "113" of the Complaint, except admit that the charges brought were not substantiated.

114.    Deny knowledge and information sufficient to form a belief as to allegations contained in Paragraph "114" of the Complaint, except admit that the charges brought were not substantiated.

115.    Deny the allegations contained in Paragraph "115" of the Complaint.

116.    Paragraph "116" of the Complaint contains only conclusions of law to which no response is required.

117.    Paragraph "117" of the Complaint contains only conclusions of law to which no response is required.

118.    Paragraph "118" of the Complaint contains only conclusions of law to which no response is required.

119.    Deny knowledge and information sufficient to form a belief as to allegations contained in Paragraph "119" of the Complaint, and respectfully refers the Court to the "review" mentioned therein for a full recitation of its contents.

120.    Deny the allegations contained in Paragraph "120" of the Complaint.

121.    Deny the allegations contained in Paragraph "121" of the Complaint, except respectfully refers the Court to the article cited therein for a full recitation of its contents.

122.    Paragraph "122" of the Complaint appears to be incomplete and as such no response is required.

123.    Paragraph "122" of the Complaint appears to be incomplete and as such no response is required.

124.    Deny the allegations contained in Paragraph "124" of the Complaint.

125.    Deny the allegations contained in Paragraph "125" of the Complaint.

126.    Deny the allegations contained in Paragraph "126" of the Complaint.

127.    Deny the allegations contained in Paragraph "127" of the Complaint.

128.    Deny the allegations contained in Paragraph "128" of the Complaint.

129.    Deny the allegations contained in Paragraph "128" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE:

The Complaint fails to state a claim upon which relief can be granted because there was probable cause to arrest Plaintiff, and any force used was reasonable under the circumstances.

## SECOND AFFIRMATIVE DEFENSE:

The Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE:

Punitive damages cannot be assessed against defendant City of New York as the State and its political subdivisions are not subject to punitive damages.

## FOURTH AFFIRMATIVE DEFENSE:

Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, pre-existing medical condition and/or the conduct of third parties, and was

not the proximate result of any act of Defendants because Plaintiff has failed to identify a specific City policy, practice or custom to support a municipal liability claim.

## FIFTH AFFIRMATIVE DEFENSE:

To the extent Plaintiff asserts state law claims against Defendants, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

## SIXTH AFFIRMATIVE DEFENSE:

To the extent one or more Defendants used any force, it was reasonable, justified and necessary to accomplish the Defendants' official duties and to protect their own physical safety and the safety of others.

## SEVENTH AFFIRMATIVE DEFENSE:

The individual Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the Complaint, the individual Defendants acted reasonably in the proper and lawful exercise of their discretion because there was probable cause to arrest Plaintiff, and any force used was reasonable under the circumstances.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the Complaint, Defendant City of New York and its employees and officials acted reasonably in the proper and lawful exercise of their discretion.  Therefore, Defendant City is entitled to governmental immunity from liability.

- 14 -

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence because there was probable cause to arrest Plaintiff, and any force used was reasonable under the circumstances as Plaintiff resisted arrest.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff Robinson asserts state law claims, Plaintiff Robinson's claims may be barred by his failure to comply with the conditions precedent to suit under the New York General Municipal Law because he did not fully comply with the requirements of General Municipal Law § 50-i.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff asserts state law claims, Plaintiff's claims may be time-barred by his failure to file the Complaint within the statutory period.

**WHEREFORE,** Defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      December 1, 2025

                MURIEL GOODE -TRUFANT
                Corporation Counsel of the City of New York
                *Attorney for Defendant City*
                100 Church Street
                New York, New York 10007
                (212) 356-3159

        By:    *Jessica Myrna Ochoa /s*
                Jessica Myrna Ochoa
                *Senior Counsel*
                Special Federal Litigation Division

- 15 -

To: Wylie M. Stecklow (via ECF)
   *Attorney for Plaintiff*
   Wylie Stecklow, PLLC
   152 West 57th Street – 8th Floor
   New York, New York 10019
   (212) 566-8000

25 Civ. 07381 (PKC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KVEION ROBINSON,

Plaintiff,

-against-

THE CITY OF NEW YORK, NYPD PO BRIAN SWEENEY (23366)(RET),
NYPD PO BRIAN ALBERDA (12830)(RET),  NYPD LT. JAMES BRIONES,
NYPD MEMBERS OF SERVICE DOES #1-10, and NYPD MEMBERS OF
SERVICE SUPERVISOR ROES #1-10,

Defendants.

## ANSWER TO THE COMPLAINT

**MURIEL GOODE -TRUFANT**
Corporation Counsel of the City of New York
*Attorney for Defendant City,*
100 Church Street
New York, New York 10007

Of Counsel: Jessica Myrna Ochoa
Tel: (212) 356-3159

*Due and timely service is hereby admitted.*

*New York, N.Y.*  .............................................................., *2025*

.........................................................................., *Esq.*

*Attorney for Plaintiff*